**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Carmen Castro, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.  11 C 3090 |
| AID Associates, Inc., d/b/a Plaza Associates, a New York corporation, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Carmen Castro, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant transacts business here.

**PARTIES**

3. Plaintiff, Carmen Castro ("Castro"), is a citizen of the State of Massachusetts, from whom Defendant attempted to collect a delinquent consumer debt she owed for a Merrick Bank account, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant AID Associates, Inc., d/b/a Plaza Associates ("Plaza"), is a New York corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant Plaza operates a nationwide debt collection business, and attempts to collect debts from consumers in every state, including consumers in the State of Illinois. In fact, Defendant Plaza was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Castro.

5. Defendant Plaza conducts business in Illinois and is licensed as, and acts as, a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit A.

## FACTUAL ALLEGATIONS

6. Ms. Castro is a disabled senior citizen, with limited assets and income, who fell behind on paying her bills. When Defendant Plaza began trying to collect a delinquent Merrick Bank debt from Ms. Castro, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant Plaza's collection actions.

7. On February 9, 2011, one of Ms. Castro's attorneys at LASPD told Plaza, in writing, that Ms. Castro was represented by counsel, and directed Plaza to cease contacting her, and to cease all further collection activities because Ms. Castro was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit B.

8. Nonetheless, on February 14, 2011, Defendant Plaza sent a collection

letter directly to Ms. Castro that demanded payment of the Merrick Bank debt. A copy of this letter is attached as Exhibit C.

9. Accordingly, on April 4, 2011, one of Ms. Castro's LASPD attorneys had to write to Defendant Plaza again to demand that it cease collection of the debt. Copies of this letter and fax confirmation are attached as Exhibit D.

10. All of Defendant Plaza's collection actions complained of herein occurred within one year of the date of this Complaint.

11. Defendant Plaza's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
## Violation Of § 1692c(c) Of The FDCPA --
## Failure To Cease Communications And Cease Collections

12. Plaintiff adopts and realleges ¶¶ 1-11.

13. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

14. Here, the letter from Ms. Castro's agent, LASPD, told Defendant Plaza to cease communications and cease collections (Exhibit B). By continuing to communicate regarding this debt and demanding payment, Defendant Plaza violated § 1692c(c) of the FDCPA.

15. Defendant Plaza's violation of § 1692c(c) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

16. Plaintiff adopts and realleges ¶¶ 1-11.

17. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

18. Defendant Plaza knew that Ms. Castro was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant, in writing (Exhibit B), that she was represented by counsel, and had directed Defendant Plaza to cease directly communicating with Ms. Castro. By directly sending Ms. Castro the February 14, 2011 collection letter (Exhibit C), despite being advised that she was represented by counsel, Defendant Plaza violated § 1692c(a)(2) of the FDCPA.

19. Defendant Plaza's violation of § 1692c(a)(2) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Carmen Castro, prays that this Court:

1. Find that Defendant Plaza's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Castro, and against Defendant Plaza, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Carmen Castro, demands trial by jury.

Carmen Castro,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: May 9, 2011

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com